UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN STILLS, | ) | Case No. 1:22-cv-1295 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| WARDEN MICHELLE HENRY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respndents. | ) | |
| | ) | |

## OPINION AND ORDER

*Pro se* petitioner Ryan Stills is presently incarcerated at the Cuyahoga County Jail awaiting trial in the Cuyahoga County Court of Common Pleas (Case Nos. CR-20-649111-A and CR-21-662062-A) on numerous charges. On July 21, 2022, Mr. Stills filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner also filed an application to proceed *in forma pauperis*. (ECF No. 2.) The Court **GRANTS** that application.

In his petition, Mr. Stills alleges that he has been denied his speedy trial rights, his right to the presumption of innocence has been violated, he has been discriminated against because of his disabilities, and he has been denied the effective assistance of counsel. (*See* ECF No. 1, at 5, 7–8 & 10.) He seeks dismissal of the charges and immediate release from detention.

## GOVERNING LEGAL STANDARD

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to § 2241 petitions pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

## ANALYSIS

A petitioner who has been tried and convicted, and who therefore is "in custody pursuant to the judgment of a State court," must challenge his conviction or sentence under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A pretrial detainee being held at the county jail, however, is not in custody pursuant to the judgment of a State court but is instead in custody pursuant to an indictment and, therefore, may pursue habeas corpus relief under Section 2241. *See Smith v. Coleman*, 521 F. App'x 444, 447 (6th Cir. 2013). Because Mr. Stills is in custody

awaiting trial, the Court construes his petition as one asserted under 28 U.S.C. § 2241.

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a State pretrial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of C.P.*, 668 F.3d 804, 809 (6th Cir. 2012). Although relief under Section 2241 is available, principles of comity and federalism dictate that the federal courts should abstain from interfering with State court criminal proceedings unless "special circumstances" are present and the petitioner has given the State courts the opportunity to address his federal constitutional issues by exhausting his State court remedies. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973); *Phillips*, 668 F.3d at 810 n.4 (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). If the issues raised in the petition may be resolved either by trial on the merits in the State courts or by other State procedures available to the petitioner, Section 2241 relief should not be granted. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

Here, Petitioner has not exhausted his State court remedies, and he does not present a "special circumstance" justifying federal court intervention at the pre-trial stage. Accordingly, the petition is premature and must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's application to proceed *in forma pauperis* (ECF No. 2), **DENIES** the petition for a writ of habeas corpus under 28 U.S.C. § 2241, and **DISMISSES** this action pursuant to 28 U.S.C.

§ 2243. Further, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal could not be taken in good faith.

**SO ORDERED.**

Dated: August 2, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4